ALICE E. McCARTHY *vs.* JOHN J. McCARTHY. November 12, 1985. *Minor,* Visitation rights. *Divorce and Separation,* Child support.

The judge concluded that any attempt to make the parents cooperate with each other would be "futile." Any court order, he said, relating to visitation, health insurance or support payments would lead to another round of court involvement[1] and escalated trauma for the children. On those expressed bases only, the judge refused to enter any such orders. On appeal, the father claims it was error to refuse to enter an order for visitation by him with the three children given to the custody of the mother.[2]

There were extensive evaluations of the parents and children, including those done by the court's family service clinic and a social service bureau in Virginia, where the mother was living with the three children. All the professionals recognized the deficiencies of both parents, the particularly bitter feelings between them and the resultant risk to the children. All, however, recommended visitation, albeit recognizing that a careful plan involving structured and, at least at the outset, supervised visitation would have to be devised. At the root of the recommendations was recognition of the importance in general, and in the particular circumstances of this case, of contact by the children with both parents.

To be sure, the judge's skepticism has ample support in the record. It may well be that, because of the attitudes of the parents and their demonstrated resistance to much needed therapeutic assistance for themselves and the children, the most well conceived plan for visitation may not be fruitful. We are also mindful that the children themselves may, as they grow older, control visitation in a practical sense. Tentative results in difficult cases (whether or not there is a prospect of repeated court appearances), however, do not excuse effort. At the heart of a probate judge's responsibilities in such matters is the protection of the best interests of minor children. Here, the judge's obligation was clear: to craft a creative order drawing on the evaluations and recommendations of the professionals and his own insight, experience and knowledge, and to utilize the pledged resources of the court clinic and the Virginia social service bureau in the implementation of the order.

It was error to refuse to enter any order for visitation. The case is remanded to the Probate Court for consideration of an appropriate plan for visitation by the father with the two minor children in the custody of the mother and by the mother with the child in the custody of the father. As it has been more than a year and a half since the entry of the order appealed from,[3] the judge should conduct such hearings and order such further inves-

---

[1] The judge described the parents as "litigation junkies" — a characterization not justified, as such matters go, from our review of the docket entries.

[2] One of these children, John, has reached majority, and the issue as to him is, therefore, moot. A fourth child, Joseph, was given to the custody of the father.

[3] The appeal was argued at the October 15, 1985, sitting of this court.

tigations and evaluations as will bring current the information about the situations of those involved. The judge should also consider the entry of orders respecting health insurance and support (those requests for relief were denied on the same basis as that for visitation). Further proceedings shall be conducted with deliberate speed, and thereafter appropriate orders shall be entered.

That part of the order of April 11, 1984, in which the court refused to enter orders for visitation, health insurance and support is vacated. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Brian Michael Olmstead* for the plaintiff.